STANLEY W. ZIPPLER et al., complainants,

*v.*

HOWARD J. WESTNEY, defendant.

[Decided April 9th, 1929.]

Mr. *William Charlton,* for the complainants.

Mr. *William Smathers,* for the defendant-petitioner.

INGERSOLL, V. C.

The time of appeal having expired, when this application for leave to file the bill was made, the petitioner was barred, unless his case can be brought within the exception of newly-discovered evidence, or of some special equity that would give the court the discretionary power to make the order. *Watkinson* v. *Watkinson, 68 N. J. Eq. 632.*

The petition alleges fraud in the following language:

"Petitioner herein did not make any defense or take any steps to defend said bill of complaint because the complainant Thomas B. Wootton told petitioner, defendant therein, on numerous occasions that further proceedings against the defendant on the bill of complaint would be dismissed and no further action taken against the defendant of the same,

and for him to pay no attention to it, and it was because of said false and fraudulent representations of Thomas B. Wootton that the defendant did not make any defense to said bill of complaint or take any appeal from the same. Petitioner herein did not learn that complainants intended to take any further proceedings against him in the furtherance of said bill of complaint until he was served with an order to show cause on or about the third day of March, 1929;" and the affidavit is: "It is true, as hereinabove stated, that I did not make any defense to said bill of complaint because one of the complainants, Thomas B. Wootton, the person with whom I made the agreement of sale, advised me not to make any defense or to take any proceedings in said cause because the complainants were going to dismiss the proceedings begun thereunder and not proceed further against this defendant, and it was not until the third day of March, 1929, that I learned of the further proceedings against me."

In opposition to the prayer of the petition, several witnesses have testified. This testimony raises substantial doubts in my mind.

Using the language of Vice-Chancellor Leaming and following his procedure in *Boyer* v. *Boyer, 77 N. J. Eq. 144:*

"In this condition of the record, I feel it my duty to seek further evidence before proceeding further. I think the prayer of the present petition should be denied; but without prejudice to the right of petitioner to file a petition to open the decree and to permit her to answer. That petition should be accompanied with specific affidavits setting forth in detail all evidence on which petitioner may reply. At the return of an order to show cause, counter affidavits may be read and an early final disposition of petitioner's claim may, in that manner, be procured."